IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HAROLD EDWARD COLEMAN,**

      Petitioner,

v.	Civil Action No 5:17-CV-80

**S. KALLIS, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I.    Procedural Background

On June 9, 2017, the pro se Petitioner, Harold Coleman, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. On August 11, 2017, following a preliminary review, which determined that summary dismissal was not appropriate, the Respondent was ordered to show cause why the Petition should not be granted. ECF No. 9. On September 15, 2017, the Respondent filed a Motion to Dismiss or Alternatively for Summary Judgment, together with a supporting memorandum of law. ECF Nos. 14 & 15. On September 18, 2017, a Roseboro notice was issued .ECF No. 16. The Petitioner has not filed any response.

### II.    The Petition

The Petitioner brings the instant petition challenging the Federal Bureau of Prisons' ("BOP") computation of his federal sentence. Specifically, he argues that the United States Marshals Service ("USMS") failed to return him to state custody pursuant to a writ of habeas corpus ad prosequendum, and the BOP failed to designate a Virginia state facility for concurrent service of his federal and state sentences. For relief, he requests that the Court either (1) order the USMS to return him to the state of Virginia

1

on his writ of habeas corpus ad prosequendum, or (2) order the BOP to designate him to the appropriate state correctional facility via nunc pro tunc designation.

### III. The Respondent's Motion

In response, the Respondent acknowledges that the USMS should have returned Petitioner to state custody pursuant to the writ of habeas corpus ad prosequendum after his federal sentencing. However, Respondent notes that upon notification of this error, the Virginia Department of Corrections ("VADOC") gave Petitioner credit towards the satisfaction of his state sentences, removed his detainer, and released him to federal custody. In addition, Respondent maintains that Petitioner has received all prior custody credit to which he is entitled. Therefore, Respondent alleges that this Petition should be dismissed as moot.

### IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.**     **Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## V.     Analysis

On January 3, 2013, authorities from the Rockbridge County, Virginia's Sheriff's Office arrested Petitioner for Possession of a Controlled Substance and a warrant for Driving While Intoxicated. ECF No. 14-2, ¶ 3. The Petitioner was temporarily held at the Rockbridge Regional Jail, but released from custody on bond that same day. ECF No. 15-1 at p. 3.  On January 15, 2013, Petitioner was rearrested by the Rockbridge County

Sheriff's Office and held at the Rockbridge Regional Jail on multiple warrants. ECF No. 14-2, ¶ 4.

On March 21, 2013, Petitioner's probation was revoked, and he was sentenced in the Buena Vista General District Court in Buena Vista, Virginia, to a 30-day term of confinement for Driving While Intoxicated, which was part of the January 3, 2013, charges for which he was arrested. ECF No. 15-1 at p. 3. The judgment was ordered to run consecutively to eight other cases. ECF No. 14-2, ¶ 4.  On May 31, 2013, Petitioner's probation was revoked and he was sentenced in the Buena Vista General District Court to a 6 month term of confinement for grand larceny, destruction of property, and breaking and entering. Id. at ¶ 6. This sentence was also ordered to run consecutively to the eight other cases. Id. Petitioner received credit for time served in jail prior to trial. Id.

On June 5, 2013, petitioner was temporarily released to the custody of the United States Marshals Service ("USMS") via a writ of habeas corpus ad prosequendum. ECF No. 15-1 at p. 24.   On July 3, 2013, while on writ, Petitioner completed his 6 month and 30 days' sentences.  Id. However, on December 3, 2013, Petitioner's probation was revoked, and he was sentenced in absentia out of Rockbridge County Circuit Court in Lexington, Virginia, to a two-year term of confinement for a litany of state charges. ECF No. 14-2, ¶ 9. Petitioner was once again granted credit for time spent in custody awaiting trial. Id.

On January 3, 2014, Petitioner was sentenced in the United States District Court for the Western District of Virginia to a 72 month term of imprisonment for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. ECF No. 15-1

at pp. 27-28. The federal sentence was ordered to run concurrently to five Rockbridge County, Virginia, Circuit Court cases. Id. at p. 28. On January 28, 2014, Petitioner received an amended judgment from the Western District of Virginia to clarify a clerical error in the previous judgment. ECF No. 15-1 at pp. 35-36. The amended judgment ordered that the federal sentence would also run concurrently to two additional sentences imposed in Rockbridge County, Virginia, Circuit Court cases. Id. at p. 36.The USMS never returned Petitioner to state custody pursuant to the writ in order to start service of his state sentence for probation violations. ECF No. 14-2, ¶ 13.

As previously noted, Petitioner has requested an order from this court directing either (1) the USMS to return him to the state of Virginia to begin service of his state sentence, or (2) for the BOP did designate him to an appropriate state facility for service of his concrete in state and federal sentences. Petitioner alleges that because he was never returned to the state of Virginia on the writ of habeas corpus ad prosequendum, his Virginia state sentence for probation violations never commenced, and he would lose the benefit of concurrent service of his state and federal terms of imprisonment. Petitioner accurately argues that if relief is not granted in this case, "[i]nstead of serving his 72 month sentence and been released with a period community confinement [sic] for purposes of re-entry, [he] will serve his entire 72 month sentence, and then have to complete an additional 15 months in the Rockbridge County Jail. ECF No.1-1 at p. 5.

After this petition was filed, the Virginia DOC has retroactively given Petitioner credit for time spent in federal custody toward the service of his state sentence, thereby satisfying his outstanding state sentences in full. ECF No. 15-1 at p. 85. In addition, the Virginia DOC has removed its detainer that was lodged against Petitioner, and

therefore, when Petitioner releases from BOP custody, he will have no outstanding Virginia State sentenced to serve. Id. There will be no need for Petitioner to return to the state of Virginia because said state has retroactively commenced, and ultimately given Petitioner credit for his entire outstanding State sentence. Therefore, there is no need for the BOP to designate a state facility for the service of his federal sentence. The intent of the sentencing court has now been accomplished.

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commenced. United States v. Wilson, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b) which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

"Although the language of 3585 (b) does not provide for any exceptions, BOP policy is to award presentence custody credits already credited to a concurrent state sentence in two narrow circumstances where the BOP has determined that the credits will be of "no benefit" to the federal prisoner." Cruz v. Sanders, 2008 WL 510-1021, at *2 (C.D. Cal. Dec. 2, 2008). Such presentence time may be credited toward a federal sentence if it meets the conditions set forth in either Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) or Willis v. United States, 449 F.2d 923 (5th Cir. 1971).

Willis credits apply if "(1) the state and federal sentences are concurrent; and (2) the State [Effective Full Term date ("EFT")] is equal to or shorter than the federal EFT." Taccetta v. Fed. Bureau of Prisons, 606 Fed Appx. 661, 664 (3d Cir. 2015); Willis, 438 F.2d 923. The raw EFT is determined by adding the length of the sentence imposed to the commencement date of the sentence. BOP Program Statement 5880.28.

On August 16, 2017, Petitioner's federal sentence was reviewed for Willis and Kayfez credit, and it was determined that he "qualified" for Willis credit starting from July 4, 2013, through December 2, 2013. ECF No. 15-1 at p. 80. It was further determined that he did not qualify for Kayfez credit. Id. at p. 81. Accordingly, Petitioner has received all prior custody credit to which he was entitled, and his current projected release date is December 23, 2018, via good conduct time. ECF No. 15-1 at 69.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss or for Summary Judgment **ECF No. 14** be **GRANTED** and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **ECF No. 1** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made and the basis for such objection. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Report and

Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

    The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested. Furthermore, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: June 5, 2018.

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE