IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HAROLD EDWARD COLEMAN,

    Petitioner,

v.                              Civil Action No. 5:17CV80
                                       (STAMP)
STEVEN KALLIS, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND GRANTING RESPONDENT'S MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT**

### I. Background

The pro se[1] petitioner, a federal inmate housed at FCI Hazelton, filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This habeas petition arises out of the calculation by the Federal Bureau of Prisons ("BOP") of the petitioner's sentence. The petitioner is currently serving a 72-month sentence for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. ECF No. 14-1 at 1. His federal sentence was to run concurrently with various sentences from the state of Virginia for possession of a controlled substance, driving while intoxicated, and probation violations. ECF No. 14-1 at 2-3.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

In his § 2241 petition, the petitioner alleges that while in state custody he was turned over to federal authorities pursuant to a writ of habeas corpus ad prosequendum. ECF No. 1-1 at 1. However, the petitioner alleges that upon completion of the petitioner's federal court proceedings, the United States Marshall Service ("USMS") failed to return him to state custody. ECF No. 1-1 at 1-2. Further, the petitioner alleges that the BOP failed to designate his federal sentence to be served concurrently to his state sentence. ECF No. 1 at 5-6. For relief, the petitioner requests that this Court order the USMS to return the petitioner to a state facility and for the BOP to designate a state facility for the concurrent service of his federal sentence. ECF No. 1 at 8.

The respondent, the Warden of FCI Hazelton, filed a motion to dismiss the petition as moot, or, in the alternative, for summary judgment. ECF No. 14. In the respondent's memorandum in support, the respondent agrees with the petitioner that the petitioner should have been returned to Virginia authorities after his federal court proceedings were completed. ECF No. 14-1 at 6. However, after the petition was filed, the Virginia Department of Corrections was notified of the error and retroactively gave the petitioner credit towards his state sentence for time served in federal prison and removed the detainer the Department of Corrections had lodged against the petitioner. ECF No. 14-1 at 2. Thus, when the petitioner completes his federal sentence, "he will

have no outstanding Virginia state sentence to serve." ECF No 14-1 at 6. Therefore, the respondent argues that the petition is now moot because the petitioner has received the benefit of a concurrent service of his state and federal sentences. ECF No. 14-1 at 10-11.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge entered a report and recommendation. ECF No. 20. In that recommendation, the magistrate judge recommended that the respondent's motion to dismiss or for summary judgment be granted and the petitioner's § 2241 petition be denied and dismissed with prejudice. ECF No. 20 at 8. The magistrate judge agreed with the respondent that because the Virginia Department of Corrections has already given the petitioner credit toward his state sentence for time in federal custody, there is no longer any need for the BOP to designate a state facility for the service of the petitioner's federal sentence. ECF No. 20 at 6-7. Accordingly, the magistrate judge found that the petition should be denied and dismissed with prejudice. ECF No. 20 at 8.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party

3

filed any objections to the report and recommendation.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### IV. Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. <u>United States v. Gypsum Co.</u>, 333 U.S. at 395. The magistrate judge correctly held the <u>pro se</u> petition to less stringent standards than those complaints drafted by attorneys. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Upon review, the magistrate judge concluded that because the Virginia Department of Corrections has now credited the petitioner for time in federal custody, the intent of the sentencing court has been accomplished. ECF No. 20 at 6-7. The magistrate judge correctly found that the petitioner has now

4

received all due credit for prior custody and that he will have no outstanding Virginia state sentence once released from BOP custody. ECF No. 20 at 7-8.

Therefore, this Court finds that the findings of the magistrate judge are not clearly erroneous. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 20) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED. Additionally, the respondent's motion to dismiss or, in the alternative, for summary judgment (ECF No. 14) is GRANTED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir.

1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the <u>pro se</u> petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 2, 2018

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE